UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chantel Elza, | CASE NO. 1:22-cv-01696-JPC |
| Plaintiff, | JUDGE J. PHILIP CALABRESE |
| v. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| McKeon Education Group, Inc. | (Jury Demand Endorsed Herein) |
| and | |
| St. Ignatius High School of Cleveland, | |
| Defendants. | |

Plaintiff Chantel Elza, by and through undersigned counsel, for her First Amended Complaint against McKeon Education Group, Inc. ("McKeon") and St. Ignatius High School of Cleveland ("St. Ignatius" or the "School") (collectively, "Defendants"), states and alleges the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. The Court has supplemental jurisdiction over Plaintiff's claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. §§ 4111.10 and 4111.14 pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

3. The Court has supplemental jurisdiction over Plaintiff's claims for violation of public policy and Article II, Section 34a of the Ohio Constitution, because the claims are so related

to the FLSA claims as to form part of the same case or controversy

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all relevant times, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all relevant times, Defendant McKeon was a corporation for profit, organized, existing, and licensed to conduct business in the State of Ohio.

8. At all relevant times, Defendant St. Ignatius was a corporation for non-profit, organized, existing, and licensed to conduct business in the State of Ohio.

9. At all relevant times, Defendant McKeon was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all relevant times, Defendant St. Ignatius was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

11. At all relevant times, Defendant McKeon was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all relevant times, Defendant St. Ignatius was an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all relevant times, Defendant McKeon was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Defendant St. Ignatius was an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206, et seq.

16. At all relevant times, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b).

## **FACTUAL ALLEGATIONS**

17. Plaintiff is a registered nurse.

18. Defendant McKeon is an education consulting firm that, inter alia, provides school health program staffing and services to schools.

19. Defendant St. Ignatius is a private school that operates a high school and middle school.

20. Defendants had an agreement between each other wherein Defendant McKeon would provide School health program staffing and/or services to Defendant St. Ignatius.

21. Defendants' mutual agreement established Plaintiff's work hours and some of her job responsibilities.

22. Defendants employed Plaintiff as a school nurse from approximately August 2021 through October 2021.

23. On or about August 24, 2021, Plaintiff entered a written agreement with Defendant McKeon to provide health services to Defendant St. Ignatius's high school for the 2021-2022 academic year ("Employment Agreement"). See Exhibit 1.

24. The Employment Agreement required Plaintiff to report to each Defendant and follow each Defendant's guidelines, requiring her to, among other things:

> Administer medication in accordance with the school board policy

and the policy of MEG, Inc. and inform the MEG supervisor of all
students taking medication. * * *

Assist school personnel in Kindergarten Screening. * * *

Notify school administrator when clinic supplies or forms need to
be ordered.

25. The Employment Agreement also established that both Defendants had control over Plaintiff's hiring, firing, and compensation, stating, in relevant part:

This agreement can be terminated without advance notification if the school's funds for Health Services are withdrawn or if the responsibilities of your position are not being met satisfactorily.

26. When Plaintiff began her employment, Defendant St. Ignatius required her to attend an orientation for School staff members so that she would become familiar with the School's policies and procedures.

27. Moreover, upon beginning her employment, Defendant St. Ignatius's administrators advised Plaintiff that the Employment Agreement did not contain all of her required job duties, and that, in addition to the duties stated in that agreement, she was required to, inter alia, act as school nurse for the high school and middle school and travel between the high school and middle school buildings.

28. Based on Plaintiff's experience and training as a registered nurse and her actual experience working at the School, Plaintiff believed that simultaneously acting as a school nurse to the high school and middle school student populations was unsafe for her patients, the students.

29. As a result, in approximately October 2021, she complained to Lynn Lloyd, one of Defendant McKeon's administrators, and Tasha from Defendant St. Ignatius's human resources department, that she could not safely perform the job duties that Defendants had required.

30. On or around October 7, 2021, Defendant St. Ignatius held a conference regarding

Plaintiff's complaints, which Plaintiff, a School administrator, a School human resources officer, and Defendant McKeon's Loren McKeon, among others, attended.

31. At the conference, Plaintiff told Defendants that she believed their policies promoted an unsafe environment for her patients, and she could not continue to comply with such unsafe practices.

32. As a result, on or around October 15, 2021, Defendants changed Plaintiff's work password so that she could not access, among other things, her work emails; asked her to return her work keys; and failed to pay her for the work she performed since the pay period that her previous paycheck, issued on September 15, 2021, covered.

33. Thus, on or around October 15, 2021, Defendants terminated Plaintiff's employment because she refused to comply with their unsafe practices.

34. Defendants paid Plaintiff on a salary basis for her first monthly pay period.

35. However, from approximately September 2021 through October 2021, Plaintiff worked approximately 150 hours for Defendants.

36. Defendants withheld her payment, at least in part, because she refused to comply with their practices that promoted an unsafe environment for her patients.

37. Thus, from September 2021 through October 2021, she did not receive a salary.

38. Defendants did not compensate Plaintiff for this work.

39. This work was compensable under the FLSA.

40. This work constituted a part of Plaintiff's principal activities.

41. Defendants required Plaintiff to perform this work.

42. Plaintiff performed this work for Defendants' benefit.

43. Plaintiff was a non-exempt employee under the FLSA and OMFWSA.

44. Because Plaintiff was a non-exempt employee under the FLSA and OMFWSA, she was entitled to receive the minimum wage for all hours worked.

45. As a result of Defendants' failure to pay Plaintiff for all hours worked, Plaintiff was denied minimum wage compensation.

46. Defendants knowingly and willfully failed to pay Plaintiff the minimum wage for all hours worked.

47. Upon information and belief, Defendants failed to make, keep, and preserve records of Plaintiff's time worked.

48. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE

**(Violation of Public Policy for Opposing an Unsafe Environment for Each Patient)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

50. Ohio has a clear public policy, as manifested in state and federal Constitutions, statutes, and/or regulations, including Ohio Administrative Code section 4723-4-03(H), which states that "[a] licensed nurse shall implement measures to promote a safe environment for each patient."

51. Defendants engaged in practices as set forth above, including, *inter alia*, requiring Plaintiff to independently serve as school nurse for high school and middle school student populations, that created an unsafe environment for Plaintiff's patients.

52. After and at least partly because of Plaintiff's refusal to comply with Defendants' practices that promoted an unsafe environment for her patients, Defendants took retaliatory adverse employment action against her by terminating her employment and withholding

compensation for the hours she worked.

53. Taking adverse action against an employee, such as Plaintiff, after and because she refused to comply with practices that violated OAC 4723-4-03 would violate public policy.

54. Defendants lacked an overriding legitimate business justification for terminating Plaintiff's employment.

55. Defendants' conduct reflects an outrageous and conscious disregard for Plaintiff's rights, which had a great probability of causing, and did cause, Plaintiff to suffer substantial damages, thereby rendering Defendants liable for punitive damages.

56. As a result of Defendants' foregoing actions, Plaintiff has suffered damages, including but not limited to lost wages.

## COUNT TWO

**(Violations of Article II, Section 34a of the Ohio Constitution)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

58. Article II, Section 34a of the Ohio Constitution required Defendants to pay Plaintiff wages for each hour that she worked.

59. Defendants violated Article II, Section 34a of the Ohio Constitution, by failing to pay Plaintiff for all the hours she worked.

60. Article II, Section 34a of the Ohio Constitution prohibited Defendants from retaliating against Plaintiff for exercising her rights under Section 34a, or any law or regulation implementing its provisions.

61. After, and because, Plaintiff engaged in the protected activity of refusing to comply with policies that promoted an unsafe environment for her patients, Defendants retaliated against her by terminating her employment and refusing to pay her for each hour that she worked.

62. As a result of Defendants' violations of Article II, Section 34a of the Ohio Constitution, Plaintiff is entitled to an award of treble damages on the amount of unpaid wages, as well as attorneys' fees and costs pursuant to Article II, Section 34a of the Ohio Constitution.

## **COUNT THREE**

### **(Fair Labor Standards Act Violations)**

63. Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

64. Defendants' practice and policy of not paying Plaintiff for all hours worked violated the FLSA.

65. By engaging in the above-described practices and policies, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

66. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received wages due to her under the FLSA.

## **COUNT FOUR**

### **(R.C. §§ 4111.10 and 4111.14 Violations)**

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Defendants' practice and policy of not paying Plaintiff for all hours worked violated the OMFWSA, R.C. §§ 4111.10 and 4111.14.

69. By engaging in the above-described practices and policies, Defendants willfully, knowingly, and/or recklessly violated the OMFWSA.

70. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received wages due under the OMFWSA.

## PRAYER FOR RELIEF

71. WHEREFORE, Plaintiff prays that this Honorable Court:

A. Order each Defendant to make Plaintiff whole by providing compensation for violation of her civil rights in the form of economic, emotional distress, and punitive damages;

B. Award Plaintiff appropriate back pay, front pay, and reimbursement for lost wages in an amount to be proven at trial;

C. Award Plaintiff treble damages on the amount of unpaid wages pursuant to Article II, Section 34a of the Ohio Constitution;

D. Award Plaintiff actual damages for unpaid minimum wage compensation;

E. Award Plaintiff liquidated damages double in amount to the unpaid minimum compensation found due to Plaintiff under the FLSA and the OMFWSA;

F. Award Plaintiff pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff attorneys' fees, costs, and disbursements; and

H. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

s/ Alanna Klein Fischer
Alanna Klein Fischer (Ohio 0090986)
Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com

lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Alanna Klein Fischer
One of Plaintiff's Attorneys